IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT DIABETES CARE INC. and<br>ABBOTT DIABETES CARE LIMITED,<br><br>          Plaintiffs,<br><br>   v.<br><br>DEXCOM, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)  C.A. No. 23-239 (KAJ)<br>)<br>)<br>)<br>)<br>)<br>) |

**SCHEDULING ORDER**

This 19th day of Sept., 2023, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Except with respect to the hearings on claim construction and dispositive and *Daubert* motions, the pretrial orders and pretrial conferences, and the trials themselves, proceedings on the parties' claims, defenses and counterclaims with respect to the patents asserted by Plaintiffs Abbott Diabetes Care Inc. and Abbott Diabetes Care Limited[1] against Defendant DexCom, Inc. in their Complaint (D.I. 1) shall be consolidated with, and follow the same schedule

---

[1] Plaintiffs Abbott Diabetes Care Inc. and Abbott Diabetes Care Limited, and Counterclaim Defendant Abbott Diabetes Care Sales Corp. are referred to collectively as "Abbott." Defendant and Counterclaim Plaintiff DexCom, Inc. is referred to as "DexCom."

as, the parties' claims, defenses and counterclaims with respect to the patents asserted by DexCom in its Counterclaims (D.I. 15).

2. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within 14 days of the date of this Order.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, which is posted at http://www.ded.uscourts.gov, and is incorporated herein by reference.

3. <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **August 28, 2024**.

4. <u>Discovery.</u>

   a. Fact discovery shall commence on August 17, 2023.  Any requests for production, interrogatories, requests for admission, subpoenas, or other discovery requests served earlier than August 17, 2023 shall be deemed to have been served on August 17, 2023.

   b. <u>Document Production.</u>  Document production shall be substantially complete by **July 25, 2024**.

   c. <u>Requests for Admission.</u>  A maximum of **50 requests for admission** are permitted for each side.  Notwithstanding the foregoing, there shall be no limit on the number of requests for admission for the purpose of authenticating documents.

   d. <u>Interrogatories.</u>  A maximum of **50 interrogatories**, including contention interrogatories, are permitted for each side.

      (1) By no later than August 20, 2024, the parties shall serve any contention interrogatories that have not previously been served, to be counted to the maximum number of permitted interrogatories.

(2) By no later than September 19, 2024, the parties shall provide final responses to any contention interrogatories. Such responses shall identify, by bates number, any documents relied on pursuant to Fed. R. Civ. P. 33(d). Any supplementation thereafter shall be limited to instances where a party has received new factual information that could not reasonably have previously been obtained or analyzed, or otherwise can establish good cause for supplementing.

e. <u>Limitation on Hours for Deposition Discovery from Fact Witnesses.</u>[2] For fact witnesses, each side is limited to a total of **120** hours of taking testimony by deposition upon oral examination. Each deposition will count a minimum of 3 hours towards the time limit for the noticing party. Any questioning by the non-noticing party will be charged against that party for the time on the record. Each side is limited to 7 hours of taking testimony by deposition upon oral examination of any fact witness, provided that this limit may be increased by agreement among the parties or by court order for good cause.[3] The parties will work in good faith to agree on time limits for individual depositions in advance.

f. <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court

---

[2] The parties agree to deem document discovery and deposition transcripts provided in C.A. No. 21-977 and C.A. No. 22-605 as though produced in this matter.

[3] The parties agree that good cause is presumed (rebuttable) when a witness is designated on more than five Rule 30(b)(6) topics, or when a witness is identified in a party's Rule 26(a) initial disclosures as knowledgeable about topics relevant to both Abbott's infringement claims and/or defenses thereto, and DexCom's infringement counterclaims and/or defenses thereto.

for the purpose of this provision. The parties will work in good faith to agree on the location and means for taking depositions.

      g.    Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **November 22, 2024**. The Court encourages the parties to serve and respond to contention interrogatories early in the case.

      h.    Disclosure of Expert Testimony. All expert discovery in this case shall be initiated so that it will be completed on or before **May 8, 2025**. Unless otherwise agreed to by the parties, they shall file their initial Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before **December 12, 2024**, file a supplemental disclosure to contradict or rebut evidence on the same subject matter identified by another party on or before **January 23, 2025**, and file a further supplemental disclosure to reply on the same subject matter on or before **March 6, 2025**. For expert witnesses, each side is limited to 7 hours of taking testimony by deposition upon oral examination of any such witness, provided that this limit may be increased by agreement among the parties or by court order for good cause.[4] To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      i.    Discovery Disputes. Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than seventy-two hours prior to the conference, the party seeking

---

[4] The parties agree that good cause is presumed (rebuttable) when an expert addresses more than three unrelated patents asserted by either side on subjects of infringement, noninfringement, validity, and/or invalidity, or if an expert addresses at least one patent asserted by both Abbott in its infringement claims and DexCom in its infringement counterclaims on subjects of infringement, noninfringement, validity, and/or invalidity.

4

relief shall file with the Court a letter, not to exceed 1,500 words, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed 1,500 words, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

    j. <u>Disclosures.</u> Absent agreement among the parties, and approval of the Court:

    (1) By **August 17, 2023**, the parties shall identify the accused product(s), including accused methods and systems, and their damages models, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). The parties shall also produce the file history for each patent they are asserting.

    (2) By **November 3, 2023**, the parties shall produce core technical documents relating to their accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. The parties shall also produce sales figures for their accused products.

    (3) By **December 20, 2023**, the parties shall each produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(4) By **January 25, 2024**, the parties shall each produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(5) By **August 27, 2024**, the parties shall provide final infringement contentions.

(6) By **September 19, 2024**, the parties shall provide final invalidity contentions.

5. Application to Court for Protective Order.  The parties agree to adopt a Protective Order that is equivalent to that ordered by the Court in C.A. No. 21-977, to be filed with the Court within fourteen days of entry of this Order.

6. Filings Under Seal.  Papers Filed Under Seal.  A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript.  With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

7. Interim Status Report.  No later than seven (7) days before the Status Conference of paragraph 8, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8. <u>Status Conference.</u> The Court will hold a Rule 16 conference **on July 16, 2024**.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

9. <u>Tutorial Describing the Technology and Matters in Issue.</u> Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which their opening claim construction briefs are due, tutorials on the technology at issue. In that regard, the parties may separately or jointly submit separate DVDs of not more than 30 minutes with respect to each of: (1) the patents asserted by Abbott in its infringement claims; and (2) the patents asserted by DexCom in its counterclaims. The tutorials should focus on the technology in issue and should not be used to argue claim construction contentions. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 1,750 words per tutorial) on each of the opposing party's tutorials. Any such comment shall be filed no later than the date on which the parties' answering claim construction briefs are due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

10. <u>Case Dispositive Motions.</u>

   a. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **July 17, 2025**, with respect to Abbott's infringement claims and associated defenses and counterclaims. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 3, 2025**, with respect to Dexcom's infringement claims and associated defenses and counterclaims.

7

    b.  Answering briefs shall be served and filed on or before **August 14, 2025**, with respect to Abbott's infringement claims and associated defenses and counterclaims. Answering briefs shall be served and filed on or before **November 17, 2025**, with respect to Dexcom's infringement claims and associated defenses and counterclaims.

    c.  Reply briefs shall be served and filed on or before **September 17, 2025**, with respect to Abbott's infringement claims and associated defenses and counterclaims. Reply briefs shall be served and filed on or before **December 18, 2025**, with respect to Dexcom's infringement claims and associated defenses and counterclaims.

    d.  <u>No early motions without leave.</u>  No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

    e.  <u>Word limits combined with *Daubert* motion word limits.</u>  Each party is permitted to file as many case dispositive motions as desired provided, however, that each SIDE will be limited to a combined total of 15,000 words for all opening briefs, a combined total of 15,000 words for all answering briefs, and a combined total of 7,500 words for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased to 20,000 words for all opening briefs, 20,000 words for all answering briefs, and 10,000 words for all reply briefs for each SIDE.[5]  These word limits apply separately

---

[5] The parties must work together to ensure that the Court receives no more than a total of 100,000 words (i.e., 20,000 + 20,000 + 10,000 words regarding one side's motions, and 20,000 + 20,000 + 10,000 words regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

8

to each of Abbott's infringement claims and associated defenses and counterclaims on the one hand, and DexCom's infringement counterclaims and associated defenses and counter-counterclaims on the other.

    f.    <u>Hearing.</u>

        (1)    On **October 15, 2025 at 10:00 a.m.**, the Court will hear argument on all pending dispositive and *Daubert* motions with respect to Abbott's infringement claims and associated defenses and counterclaims. Subject to further order of the Court, each side will be allocated a total of sixty (60) minutes to present its argument on all pending motions.

        (2)    On **January 22, 2026 at 10:00 a.m.**, the Court will hear argument on all pending dispositive and *Daubert* motions with respect to DexCom's infringement counterclaims and associated defenses and counter-counterclaims. Subject to further order of the Court, each side will be allocated a total of sixty (60) minutes to present its argument on all pending motions.

11.    <u>Claim Construction Issue Identification.</u>  On or before **February 8, 2024**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **February 28, 2024**, the parties shall exchange their proposed claim constructions of all the term(s)/phrase(s) identified by the parties. These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer by **March 7, 2024**, to prepare a Joint Claim Construction Chart to be submitted on the date identified in paragraph 12.a below. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record

relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

12. <u>Claim Construction Issue Submissions.</u>

   a. The Joint Claim Construction Chart shall be submitted to the Court no later than **March 21, 2024**.

   b. By **April 18, 2024**, the parties shall file opening claim construction briefs regarding the patent(s) they are asserting, not to exceed 10,000 words.

   c. By **May 16, 2024**, the parties shall each file an answering claim construction brief, not to exceed 15,000 words.

   d. By **May 30, 2024**, the parties shall each file a reply claim construction brief, not to exceed 10,000 words.

   e. By **June 13, 2024**, the parties shall each file a sur-reply claim construction brief, not to exceed 5,000 words.

13. <u>Hearing on Claim Construction and Rule 16 Conference.</u>

   a. Beginning at **10:00 a.m. on August 1, 2024,** the Court will hear evidence and argument on claim construction with respect to the patents asserted by Abbott.

   b. Beginning at **10:00 a.m. on September 12, 2024**, the Court will hear evidence and argument on claim construction with respect to the patents asserted by DexCom.

   c. The parties should be prepared to discuss with the Court how their claim construction positions will affect their positions with respect to any filed or anticipated case dispositive motions.

14. <u>Applications by Motion</u>.

    a.     Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall ~~not~~ deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    b.     <u>Motions to Amend</u>.

    (1)     Any motion to amend (including a motion for leave to amend) a pleading shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed 1,500 words, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    (2)     Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed 2,500 words.

    (3)     Within three (3) days thereafter, the moving party may file a reply letter, not to exceed 1,000 words, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

    c.     <u>Motions to Strike</u>.

    (1)     Any motion to strike any pleading or other document shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed 1,500 words, describing the basis for the requested relief, and shall attach the document to be stricken.

(2) Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed 2,500 words.

(3) Within three (3) days thereafter, the moving party may file a reply letter, not to exceed 1,000 words, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

    d. <u>Motions to Compel Case Narrowing.</u> Within 4 weeks of the Claim Construction Order, the parties shall meet and confer to discuss narrowing the number of asserted claims and prior art references at issue.

(1) If the parties are unable to agree about the extent of narrowing (asserted claims and/or prior art references), a party may move the Court to compel further narrowing. Any such motion shall NOT be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed 1,500 words, describing the basis for the requested relief.

(2) Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed 2,500 words.

(3) Within three (3) days thereafter, the moving party may file a reply letter, not to exceed 1,000 words, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to compel narrowing.

15. <u>Pretrial Conference.</u>

    a. On **February 9, 2026**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at **10:00 a.m.** with respect to Abbott's infringement claims and associated defenses and counterclaims. Unless otherwise ordered by the Court, the parties should

assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the final pretrial order with respect to Abbott's infringement claims and associated defenses and counterclaims no later than **January 9, 2026**.

        b.    On **June 11, 2026**, the Court will hold a Final Pretrial Conference in Chambers with counsel beginning at **10:00 a.m.** with respect to DexCom's infringement counterclaims and associated defenses and counter-counterclaims. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the final pretrial order with respect to DexCom's infringement counterclaims and associated defenses and counter-counterclaims no later than **May 12, 2026**.

    16.    <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial orders. Each party shall be limited to **five *in limine* requests** with respect to Abbott's infringement claims and associated defenses and counterclaims, and **five *in limine* requests** with respect to DexCom's infringement counterclaims and associated defenses and counter-counterclaims, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of 2,500 words of argument and may be opposed by a maximum of 2,500 words of argument. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single 2,500-word submission, unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file proposed voir dire, instructions to the jury, and special verdict forms and jury interrogatories three full business days before the final pretrial conference with respect to that trial. That submission shall be accompanied by a computer diskette (in WordPerfect or Word format) which contains the instructions, proposed voir dire, special verdict forms, and jury interrogatories.

18. <u>Trial.</u>

    a. This matter is scheduled for a 10-day jury trial beginning at **9:30 a.m. on March 9, 2026**, with respect to Abbott's infringement claims and associated defenses and counterclaims. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present its case.

    b. This matter is scheduled for a 10-day jury trial beginning at **9:30 a.m. on July 13, 2026**, with respect to DexCom's infringement counterclaims and associated defenses and counter-counterclaims. For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of 22 hours to present its case.

_____
UNITED STATES CIRCUIT JUDGE

14