IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABBOTT DIABETES CARE, INC. and
ABBOTT DIABETES CARE LIMITED,

       Plaintiffs,

       v.

DEXCOM, INC.,

       Defendant.

DEXCOM, INC.,

       Counterclaim Plaintiff,

       v.

ABBOTT DIABETES CARE, INC. and
ABBOTT DIABETES CARE LIMITED,

       Counterclaim Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 23-239 (KAJ)

MEMORANDUM OPINION

John W. Shaw, Andrew Russell, and Nathan R. Hoeschen, SHAW KELLER LLP, 1105
N. Market Street, 12th Floor, Wilmington, DE 19801, *Counsel for DexCom, Inc.*
    Of Counsel:  Robert A. Van Nest, Leo L. Lam, Sophie Hood, Elizabeth A. Egan,
               R. Adam Lauridsen, Zainab O. Ramahi, Amy E. Philip, KEKER,
               VAN NEST & PETERS LLP, 633 Battery Street, San Francisco, CA
               94111-1809
               David Bilsker, QUINN, EMANUEL, URQUHART & SULLIVAN,
               LLP, 50 California St. - 22nd Fl., San Francisco, CA 94111
               Kevin P.B. Johnson, Margaret Shyr, Sara L. Pollack, QUINN,
               EMANUEL, URQUHART & SULLIVAN, LLP, 555 Twin Dolphin
               Dr. – 5th Fl., Redwood Shores, CA 94065
               Brian P. Biddinger, Cary Adickman, QUINN, EMANUEL,
               URQUHART & SULLIVAN, LLP, 41 Madison Avenue, 22nd Fl.,
               New York, NY 10010

Nathan Hamstra, QUINN, EMANUEL, URQUHART &
SULLIVAN, LLP
191 N. Wacker Dr. – Ste. 2700, Chicago, IL  60606
Valerie A. Lozano, QUINN, EMANUEL, URQUHART &
SULLIVAN, LLP, 865 S. Figuerroa St. – 10th Fl., Los Angeles, CA
90017


Jack B. Blumenfeld, Rodger D. Smith, II, Anthony D. Raucci, MORRIS, NICHOLS,
ARSHT & TUNNELL LLP, 1201 N. Market Street, Wilmington, DE 19801, *Counsel for
Abbott Diabetes Care, Inc., Abbott Diabetes Care Sales Corp.*
   Of Counsel: Leland G. Hansen, James M. Hafertepe, Sharon A. Hwang, Michael
         J. Carrozza, Manuela Cabal, Alex M. Vogler, McANDREWS,
         HELD & MALLOY, LTD., 500 West Madison St. – 34th Fl.,
         Chicago, IL  60661
         Ellisen Shelton Turner, KIRKLAND & ELLIS LLP, 2049 Century
         Park East – Ste. 3700, Los Angeles, CA  90067
         Amanda J. Hollis, KIRKLAND & ELLIS LLP, 300 North LaSalle,
         Chicago, IL 60654
         Benjamin A. Lasky, KIRKLAND & ELLIS LLP, 601
         Lexington Ave., New York, NY  10022

---

May 31, 2024
Wilmington, Delaware

JORDAN, *Circuit Judge*, sitting by designation.

## I.     INTRODUCTION

Pending before me is the motion of DexCom Inc. ("DexCom") to dismiss and strike the first through fourth counter-counterclaims, third affirmative defense, and request for attorneys' fees and costs as damages filed by Abbott Diabetes Care, Inc. and Abbott Diabetes Care Limited (collectively, "Abbott"). (D.I. 50.) The parties stipulated to dismiss or to strike all but two disputed claims. (D.I. 62, 80.) I therefore need not deal with the motion as to the stipulated claims. What remains is DexCom's argument that Abbott's second counter-counterclaim for breach of the Dispute Resolution Clause ("DRC") of the Settlement and Licensing Agreement ("SLA") should be dismissed, and that Abbott's fourth counter-counterclaim and affirmative defense based on inequitable conduct should be dismissed or stricken. (D.I. 50 at 16-19; D.I. 63 at 7-16.) For the following reasons, I will deny the motion.

## II.    BACKGROUND

The parties – both incorporated in Delaware – are direct competitors that manufacture continuous glucose monitors ("CGMs"), which help persons with diabetes constantly track their blood glucose levels. (D.I. 1 ¶¶ 3, 31; D.I. 15 at 23 ¶ 1, 27 ¶ 18.) In 2014, the parties settled infringement claims against each other and signed the SLA. (D.I. 1 ¶¶ 77-78.) Among other things, the SLA grants each party a license to some of

the other's patents and patent claims and mandates a dispute resolution process, should a dispute arise.  (D.I. 25, Ex. A ("SLA") ¶¶ C.1-2, J.1.)

The parties are currently involved in another set of lawsuits.  DexCom struck first with a filing in the Western District of Texas alleging that Abbott infringed five of its patents (Civil Action No. 21-690, W.D. Tex.).  That lawsuit was transferred here (Civil Action No. 22-605; *see* D.I. 105).  Abbott responded with a patent infringement lawsuit (Civil Action No. 21-977) and a declaratory non-infringement and breach-of-contract suit, asserting that the SLA granted it a license to DexCom's asserted patents (Civil Action No. 21-1699; *see id.* D.I. 280 ¶¶ 102-03).

The present lawsuit (Civil Action No. 23-239) pertains to DexCom's new CGM, the G7.  (D.I. 1 ¶ 2.)  Abbott accuses DexCom of infringing four of its patents.  (D.I. 1 ¶¶ 82-148.)  DexCom filed an answer and counterclaims, asserting seven patents against Abbott's FreeStyle Libre CGMs and related phone applications.  (D.I. 15 at 24 ¶ 6, 29-110.)  Abbott answered the counterclaims and filed counter-counterclaims of its own. (D.I. 25.)  As relevant here, Abbott asserts that DexCom breached the DRC by filing its counterclaim without performing the dispute resolution process (D.I. 25 ¶ 195) and that DexCom engaged in inequitable conduct by neglecting to inform the U.S. Patent and Trademark Office ("USPTO") of material relevant to its patenting of U.S. Patent No. 9,119,528 ("the '528 Patent").  (D.I. 25 ¶ 232.)  DexCom moves to dismiss those counter-counterclaims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

III.    **DISCUSSION**

Under Federal Rule of Civil Procedure 12(b)(6), the movant bears the burden of demonstrating that the complainant failed to state a claim upon which relief may be granted. *Young v. West Coast Indus. Relations Ass'n, Inc.*, 763 F. Supp. 64, 67 (D. Del. 1991). The complaint (or, as in this case, the counter-counterclaims) need only include "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The Court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021).

Pursuant to Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

A.    **Abbott Sufficiently Pled a Breach of the DRC**

Section J.1 of the SLA mandates a dispute resolution process. If the parties do not resolve their disputes in time, the SLA provides that "either Party may then exercise any remedies available under this Agreement or under the law or equitable principles of any

applicable jurisdiction, including instituting litigation[.]" (SLA ¶ J.1.) Abbott alleges, as its second counter-counterclaim, that DexCom materially breached the DRC by filing a counterclaim to its patent infringement suit without following the dispute resolution process. (D.I. 25 ¶ 195.) DexCom moves to strike that counter-counterclaim on the grounds that "the DRC does not apply to counterclaims." (D.I. 50 at 16.) It does. DexCom must follow the DRC to assert a counterclaim that initiates a dispute under the SLA.

As I determined in C.A. 22-605 (D.I. 483 at 4), filing a lawsuit constitutes the "dispute" that triggers the DRC. (*See id.* at 2 ("DexCom's argument that there was no dispute 'arising from or under or relating to' the SLA when it filed its infringement action is unconvincing." (quoting SLA ¶ J.4)).) "A counterclaim is essentially its own action." *United Food Imports, Inc. v. Baroody Imports, Inc.*, 2010 WL 1382342, at *3 (D.N.J. Apr. 6, 2010). Likewise, asserting new patents subject to a non-frivolous licensing defense creates a new "dispute[] … aris[ing] from, under or relating to" the SLA. (SLA ¶ J.1.) That applies to counterclaims too. My summary judgment decision in C.A. 22-605 (D.I. 483 at 4) does not change the equation. There, I held that Abbott did not breach the DRC by failing to inform DexCom it was transferring DexCom's infringement suit to Delaware. (*Id.*) That, however, did not create a new "dispute" subject to the SLA; it merely transferred an existing dispute to a new venue. Here, in contrast, by asserting new patents, DexCom has created a new dispute. Thus, it breached the DRC by filing its counterclaims. But that is not the end of the story.

6

DexCom argues Abbot's counterclaim is moot because it later initiated the dispute resolution process.  **[D.I. 50 at 18.]**  The Third Circuit said in *Ames v. Westinghouse Electric Corp.* that a case or claim becomes moot "when (1) there is no reasonable expectation that the alleged events will recur [] and (2) interim relief or events have completely eradicated the effects of the violation." 864 F.2d 289, 291-92 (3d Cir. 1988) (internal quotation marks omitted).  But "[t]he defendant must demonstrate that it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 66 (1987) (quoting *United States v. Phosphate Export Ass'n, Inc.*, 393 U.S. 199, 203 (1968)).  DexCom has not done so.  On the contrary, even after a jury held that it breached the DRC by suing Abbott, it refuses to admit that it did.  (*See* C.A. 22-605, D.I. 586 at 16-18.)  This case is unlike *Ames*, in which the plaintiff sued his former employer for breach of the collective bargaining agreement applicable to the plant where he had worked but admitted "that the permanent closing of the … plant ma[de] future violations impossible." *Ames*, 864 F.2d at 291-92.  Here, DexCom has breached the DRC in the past and may do so again before the SLA expires in December of 2025. *See DexCom, Inc. v. Abbott Diabetes Care, Inc.*, 89 F.4th 1370, 1372 n.1 (Fed. Cir. 2024) (rejecting DexCom's mootness argument because DexCom had the potential to further breach the SLA and continued to challenge Abbott's legal position).  Thus, to the extent Abbott wants a statement that DexCom was in the wrong, I am indeed saying that, but that does not mean any further relief is available for the wrong.

On the contrary, "[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury … *likely to be redressed by a favorable judicial decision.*" *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (emphasis added).  In C.A. 22-605 I held that "[t]he end result of following the dispute resolution clause, if the parties cannot reach an agreement, is the initiation of litigation." (D.I. 483 at 3-4.)  I likewise held that attorneys' fees were not available.  (C.A. 22-605, 05/31/2023 Tr. at 14:4-15:20; 06/08/2023 Tr. at 87:12-23.)  My reasoning at that time still holds.  Abbott has not demonstrated that it can get a remedy other than compelling DexCom to follow through with the DRC's steps.  It has achieved that result.  So, Abbott's counter-counterclaim is moot insofar as any remedy beyond a declaration of rights is concerned.  Thus, I will deny DexCom's motion to dismiss, but will grant Abbott relief only to the extent previously given:  A statement that DexCom was in the wrong by not following the DRC before filing its counterclaim.

## B.    Abbott Sufficiently Pled Inequitable Conduct

"An individual associated with the filing and prosecution of a patent application commits inequitable conduct when he or she (1) … fails to disclose material information … to the [US]PTO; (2) with the specific intent to deceive the [US]PTO." *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 868 F. Supp. 2d 376, 379 (D. Del. 2012) (internal quotation marks omitted).  To satisfy its pleading burden under Rule 9(b), a claim for inequitable conduct must "identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record." *Exergen Corp. v. Wal-Mart*

8

*Stores, Inc.*, 575 F.3d 1312, 1329-30 (Fed. Cir. 2009). Such an allegation is "necessary to explain both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Id.* A failure to do so is "fatal under Rule 9(b)." *Id.* at 1330.

In its fourth counter-counterclaim, Abbott alleges:

> The STS system, its User's Guide, the STS-7 system, and the G4 system are material to the patentability of the '528 Patent because each renders obvious claims of the '528 Patent, either alone or in combination with other prior art including DexCom's own the '549 Patent and related patents and applications, as exemplified in the claim charts attached as **Exhibits C through F**. Had the USPTO been aware of the STS system, the STS-7 system, the G4 system, and the STS User's Guide, either alone or in combination with other prior art including DexCom's own the '549 Patent and related patents and applications, the USPTO would not have issued the '528 Patent claims.

(D.I. 25 ¶ 232.) Exhibits C through F contain extensive claim charts comparing the allegedly withheld references to the '528 Patent. Abbott also asserts inequitable conduct as an affirmative defense. (D.I. 25 ¶ 135.)

DexCom says that Abbott did not adequately plead inequitable conduct because it "did not identify any limitations, or combination of limitations, present in the allegedly-undisclosed art but absent from the references cited in prosecution history. Federal Circuit precedent requires Abbott to do so." (D.I. 69 at 7 (citing *Exergen*, 575 F.3d at 1329-30).) This overreads *Exergen*. *Exergen* requires the claimant to "*identify* the particular claim limitations, or combination of claim limitations, *that* are *supposedly* absent from the information of record." 575 F.3d at 1330 (emphasis added). At the pleading stage, the claimant does not have to *demonstrate* that the claim limitations are

non-cumulative (i.e., absent from the examiner's references), it needs to only *identify* the claim limitations that *it believes* are "supposedly" absent from the record.[1]  The truth of those allegations will be tested during discovery and, if necessary, at trial.  But Abbott's identification of the claims it believes are absent from the examiner's references is enough at the pleading stage.

The decision in *St. Jude Medical, Cardiology Division, Inc. v. Volcano Corp.* did not say otherwise, despite Dexcom's assertions.  (Reply Br. at 8-9 (citing C.A. No. 12-441-RGA, 2014 WL 2622240 (D. Del. June 11, 2014).)  There, the court granted a motion to dismiss an inadequately pled inequitable conduct defense with leave to amend and instructed, "[t]he pleading must also show that the omitted information is not cumulative of the information already on the record by identifying the particular claim limitations that are absent from the record[.]"  *St. Jude*, 2014 WL 2622240, at *1 (citing *Exergen*, 575 F.3d at 1329-30).  Accordingly, the showing *Exergen* requires is simply "identifying the particular claim limitations" that the claimant believes are allegedly "absent from the record."  *Id.*  By telling DexCom which claim limitations it believes

---

[1] *Exergen* requires the claimant to demonstrate "'why' the withheld information is material and not cumulative[.]"  *Exergen*, 575 F.3d at 1329.  But that requires the claimant to notify "why *the claimant believes* that is the case.  The Federal Circuit's "who, what, when, where, [why,] and how" formula is based on the Seventh Circuit's decision in *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).  *Exergen*, 575 F.3d at 1327.  *DiLeo* dismissed the plaintiffs' complaint because it failed to put defendants on notice: "You cannot tell from reading it why the [plaintiffs] believe" the applicable circumstances constituted fraud.  *DiLeo*, 901 F.2d at 627.

were supposedly absent from the information of record, Abbott sufficiently pled an inequitable conduct counter-counterclaim and affirmative defense.

## IV.   CONCLUSION

For the foregoing reasons, I will DENY DexCom's Motion to Dismiss and to Strike as described above and in the accompanying order.